**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ROSS COOPERMAN, M.D., LLC, ON BEHALF OF PATIENT LPH,**<br><br>Plaintiff,<br><br>v.<br><br>**HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY and BLUE CROSS BLUE SHIELD OF TEXAS,**<br><br>Defendants. | Case No.: 2:19-cv-19225<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

Before the Court is Plaintiff's motion for reconsideration of the Court's September 10, 2020 Order granting Defendants' motions to dismiss, ECF No. 41. For the reasons stated below, Plaintiff's motion for reconsideration is **DENIED**.

### I. BACKGROUND AND PROCDURAL HISTORY

Plaintiff is an out-of-network medical provider who purported to bring suit for benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiff claimed to have standing to bring such a suit as its patient's ("Patient") "Designated Authorized Representative" ("DAR"). Plaintiff filed suit against Defendant Horizon, the Blue Cross Blue Shield Association ("Association") licensee in New Jersey, where the Patient's medical services took place, and Defendant Blue Cross Blue Shield of Texas ("BCBSTX"), the Association licensee who issued the health plan in which the Patient was enrolled. The First Amended Complaint alleged that Horizon and BCBSTX "underpaid" for the Patient's procedure, and demanded judgment for additional benefits pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). On September 10, 2020, the Court granted Defendants' motion to dismiss. The Court summarizes the relevant parts of its decision below.

On September 16, 2020, Plaintiff filed this motion for reconsideration of the Courts September 10, 2020 Order. Ordinarily, Plaintiff's Notice of Appeal would have stripped this Court of jurisdiction to hear a motion for reconsideration. *Venen v. Sweet*, 758 F.2d 117, 120–21 (3d Cir. 1985). However, on September 23, 2020, the Third Circuit entered a *sua sponte* order pursuant to Fed. R. App. P. 4(a)(4) staying Plaintiff's appeal pending the District Court's determination of this motion. *See* Appellate Case No. 20-2899 Docket Entry No. 3.

## II.  STANDARD OF REVIEW

A motion for reconsideration must set forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked.  When the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it.  The Court will reconsider a prior order only where a different outcome is justified by: (1) intervening change in law; (2) availability of new evidence not previously available; or a (3) need to correct a clear error of law or manifest injustice.

*United States v. Davis*, 05-cr-382, 2012 WL 1950217, at *1 (D.N.J. May 30, 2012), *aff'd*, 514 F. App'x 97 (3d Cir. 2013) (cleaned up and citations omitted).

## III.  DISCUSSION

Plaintiff makes three arguments in its motion for reconsideration: (1) the DAR was a separate and independent source of ERISA standing and Plaintiff made no argument, separate from the issue of the validity of the assignment; (2) because the DAR was unrelated to the validity of the assignment, Defendant's failure to address the DAR in their opening brief (in which the validity of the assignment was raised) and only after the Plaintiff raised it in its opposition brief constitutes waiver; and (3) a question of fact exists as to whether the DAR in this case encompassed litigation after internal appeals were exhausted.

The Court accepts that Plaintiff contends that the DAR provides a separate and independent basis for ERISA standing wholly unrelated to the anti-assignment provision.  Nevertheless, the Court finds that Defendants did not waive their ability to challenge the DAR as a source of ERISA standing.  In their motion to dismiss, the Defendants argued that Plaintiff had no standing to bring its claims because ERISA § 502 (a)(1)(B) benefits are only available to plan "participants" and "beneficiaries."  In its opposition, Plaintiff responded that the DAR is authorized by 29 C.F.R. § 2560.503-1(b)(4)—a regulation promulgated pursuant to ERISA—and consequently, that the DAR provides ERISA standing.  In their replies, the Defendants responded to this argument.  The extent to which the ERISA statute and regulations promulgated pursuant to ERISA interact to grant parties standing to bring suit is a single issue.  Plaintiff offered a regulation-based argument as a counter to Defendant's statute-based argument.  Defendant's response to Plaintiff's regulation-based arguments raised in its opposition brief were appropriate.  *Smithkline Beecham PLC v. Teva Pharm. USA, Inc.*, No. CIV.A. 04-0215, 2007 WL 1827208, at *1 (D.N.J. June 22, 2007).

Lastly, Plaintiff states that its "Amended Complaint alleged that Defendant BCBSTX represented that 'a *member's authorized representative* may have the right to take *legal* action under Sec. 502(a) of ERISA if the benefit decision is upheld on appeal,'" and that "there was an open and disputed question of fact that the Defendant may have

2

expanded the reach of the DAR in this case to encompass litigation after internal appeals were exhausted."[1]  Pl. Mot. for Reconsideration, ECF No. 41, 4.

To summarize: Plaintiff, an out-of-network medical services provider, does not have direct standing under ERISA because it is neither a plan "participant" nor a "beneficiary," as those terms are defined in 29 U.S.C. § 1002. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27 (1983).  Nor does Plaintiff have derivative standing to pursue its patient's ERISA claim as an "assignee" because the Plan contains clear and unambiguous anti-assignment provisions. *See American Orthopedics & Sports Med. v. Independence Blue Cross Blue Shield*, 890 F.3d 445, 453 (3d Cir. 2018) (citations omitted). Plaintiff cannot use the DAR as an independent basis for standing because the regulation from which it derives, 29 C.F.R. 2560.503–1(b)(4), "applies to internal submission of claims and appeals on behalf of beneficiaries, not civil lawsuits in federal court." *Professional Orthopedic Assocs., PA v. Excellus Blue Cross Blue Shield*, No. 14-6950 (FKW)(DEA), 2015 WL 4387981 (D.N.J. Jul. 15, 2015) (internal quotation marks and citation omitted). Plaintiff cites no case law supporting its notion that the DAR can ever serve as a source of ERISA standing. *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 110 (1989) ("[W]e have held that courts are to develop a federal common law of rights and obligations under ERISA-regulated plans." (quotation marks omitted)).  In its reconsideration motion, Plaintiff does not cite any cases supporting the proposition that a DAR confers ERISA standing upon designated representatives.

In its briefing, Plaintiff repeats that Defendant BCBSTX represented that "a member's authorized representative may have the right to take legal action under Sec. 502(a) of ERISA if the benefit decision is upheld on appeal," having provided no document containing this quote.  Without explaining why, Plaintiff concludes that this quote creates a factual issue.  The benefit decision in this matter was upheld on administrative appeal. Plaintiff's representative did take legal action under § 502(a) of ERISA in this Court.  The quoted language guarantees nothing more and Plaintiff provides no reason to suggest that it is a source of ERISA standing.

### IV.   CONCLUSION

For the reasons stated above, Plaintiff's motion for reconsideration, ECF No. 41, is **DENIED**.  An appropriate order follows.

**Dated: December 10, 2020**

*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**

---

[1]  In its September 10, 2020 Opinion, the Court raised the issue that Plaintiff's quote in its amended complaint concerning a member's authorized representative ability to take legal action was not supported by any exhibit. In its motion for reconsideration, Plaintiff once again relies on this quote, but does not provide any exhibit supporting it.